PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

MATTHEW CHANG (CABN 348765)
Assistant United States Attorney

    60 South Market Street, Suite 1200
    San Jose, California 95113
    Telephone: (408) 535-5037
    Matthew.Chang2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 18-CR-00050-EJD |
|     Plaintiff, | UNITED STATES' SENTENCING RECOMMENDATION |
|     v. | |
| JAIME ALONSO-RAMIREZ, a/k/a Jose Luis Hernandez Avila, | |
|     Defendant. | |

Defendant Jaime ALONSO-RAMIREZ (a/k/a Jose Luis Hernandez Avila) is scheduled for sentencing on March 24, 2025, in the above-captioned matter. Pursuant to the plea agreement (ECF 78), the Government recommends the Court impose a sentence of eighteen (18) months in custody, no fine, and three years of supervised release.

**I.    Factual Background**

On October 28, 2024, Mr. Alonso-Ramirez pleaded guilty to Count One of the Indictment—violating 18 U.S.C. §§ 1326(a) and (b)(2)—pursuant to a written plea instrument. ECF 1, 77, and 78. Accordingly, parties agreed to the following Sentencing Guideline Calculations:

Base Offense Level, U.S.S.G. § 2L1.2(a):      8

§ 2L1.1(b)(2)(C) (Prior Conviction Pre-Deportation w/ Sentence > 13 months)      +6

| | |
|---|---:|
| § 2L1.2(b)(3)(D) (Felony Conviction Post-Deportation | +4 |
| Adjustments under U.S.S.G. Ch. 3 | 0 |
| Acceptance of Responsibility: | -3 |
| Adjusted Offense Level: | 15 |

ECF 77. The parties reached no agreement regarding Mr. Alonso-Ramirez's Criminal History Category. *Id.* The United States incorporates by reference the additional facts contained in the United States Probation Office's Presentence Investigation Report. ECF 81.

## II.     Recommended Sentence

Pursuant to the written plea agreement, the United States recommends a sentence of 18 months in custody, no fine, and three (3) years of supervised release. ECF 78. The United States Sentencing Guidelines serve as "the starting point and the initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991 (citation omitted). In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), which include:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;
2. the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
3. the need for the sentence imposed to afford adequate deterrence to criminal conduct; and
4. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

In view of the § 3553(a) factors, the Government notes that Mr. ALONSO-RAMIREZ has an extensive criminal history and has been removed from the United States on two separate occasions. ECF 81. Moreover, Mr. ALONSO-RAMIREZ has demonstrated a lack of respect for the law, demonstrated not only by his violation of previous removal orders but also by his continued engagement in criminal behavior despite legal interventions, and the fact that he was a fugitive for three (3) years in this case.

Further, Mr. ALONSO-RAMIREZ's history of sexual and drug-related crimes pose a significant risk to public safety. Thus, a sentence of eighteen (18) months is justified to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the law, and afford adequate deterrence to criminal conduct. The Government also acknowledges that it is appropriate for the Court to consider mitigating factors in Mr. ALONSO-RAMIREZ's personal history—namely, his continued struggles with drug addiction and his efforts to escape economic hardship. Taking all the factors together in their totality, the government respectfully submits that a sentence of 18 months, the sentence agreed to between the parties, is an appropriate outcome in this case.

### III.   Conclusion

Pursuant to the plea agreement, the United States respectfully requests the Court sentence Mr. ALONSO-RAMIREZ to **eighteen (18) months incarceration, no fine, and three years of supervised release**. ECF 78 (emphasis added). This sentence is sufficient, but not greater than necessary to satisfy the aims of 18 U.S.C. § 3553(a).

DATED: March 17, 2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

/s/
_____
MATTHEW CHANG
Assistant United States Attorney